JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROCKY BUENO, <br><br> Plaintiff, <br><br> v. <br><br> CASH 1, LLC and EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendants. | Case No.: SACV 24-00068-CJC (JDEx) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION** |

In this case, Plaintiff Rocky Bueno alleges Defendants Cash 1, LLC ("Cash 1") and Experian Information Solutions, Inc. ("Experian") violated the Fair Credit Reporting Act. (Dkt. 1 [Complaint].) Plaintiff served Defendants with the Complaint on January 25, 2024, making their answers due on February 15, 2024. (Dkts. 10–11.) On February 13, 2024, Plaintiff dismissed Cash 1 with prejudice. (Dkt. 12.) Experian did not file an answer by the February 15, 2024 deadline, and Plaintiff took no action. On February 21, 2024, the Court issued an order to show cause ("OSC") regarding dismissal for lack of prosecution noting that the deadline for Experian to respond to the Complaint had passed

but Plaintiff failed to take any action.  (Dkt. 13.)  The Court stated that an appropriate response to the OSC would include (1) Plaintiff's request for entry of default or Experian's responsive pleading, (2) a stipulation extending Experian's time to respond to the Complaint, or (3) a notice of voluntary dismissal against Experian.  (*Id.*)  The Court ordered Plaintiff to respond to the OSC by February 26, 2024, and admonished that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal of Plaintiff's claims against" Experian.  (*Id.*)  Two days after the deadline to respond to the OSC, neither party has filed anything.

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

These factors support dismissal.  As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  *Pagtalunan*, 291 F.3d at 642.  The Court had to issue an OSC to encourage Plaintiff to comply with his responsibility to prosecute his case against Experian diligently, without success.  The third factor, the risk of prejudice to Experian, at least marginally favors dismissal given Plaintiff's unreasonable delay.  *See Neerman v. Cates*, 2023 WL 6787455, at *2 (C.D. Cal. Aug. 31, 2023) ("While pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal, unreasonable delay

creates a presumption of prejudice.") (cleaned up). Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Because of Plaintiff's failure to follow up on Experian's failure to file timely a responsive pleading or to respond to the Court's OSC by the deadline, the public policy favoring disposition on the merits does not weigh against dismissal. *See Ewing*, 2012 WL 2138159, at *2.

Finally, the Court's attempt at less drastic alternatives failed. "[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262; *see Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."). The Court warned Plaintiff that failure to respond to the OSC would result in dismissal, yet he still failed to respond. (Dkt. 13.)

Taken together, the relevant factors weigh in favor of dismissal. *Cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). Indeed, courts regularly dismiss cases when a plaintiff fails to seek appropriate relief after a defendant fails to file a responsive pleading by a deadline. *See, e.g.*, *Neerman*, 2023 WL 6787455, at *2; *Merriam v. Weltman Weinberg & Reis Co.*, 2021 WL 4699185, at *1 (C.D. Cal. July 14, 2021); *Bereswill v. Clutchpoints, Inc.*, 2021 WL 4775988, at *1 (C.D. Cal. June 29, 2021). Accordingly, this action is hereby

1 | **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and for failure to
2 | comply with the Court's OSC.

4     DATED:     February 28, 2024

                                                                      CORMAC J. CARNEY
                                                        UNITED STATES DISTRICT JUDGE